IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RICHARD A. MILLER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV01045 |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF HOUSING AND URBAN | ) | |
| DEVELOPMENT; DRUCKER & FALK, | ) | |
| LLC; THETFORD PROPERTIES III, | ) | |
| Limited Partnership; THETFORD | ) | |
| PROPERTY MANAGEMENT, INC., | ) | |
| d/b/a Beaumont Avenue Apartments; | ) | |
| RICHARD A. URBAN, individually and | ) | |
| as General Partner of Thetford | ) | |
| Property Management, Inc.; JAMES | ) | |
| K. ROBERSON, individually and as | ) | |
| Chief Judge of Alamance County; | ) | |
| DIANE A. PICKETT, individually and | ) | |
| Clerk of Court of Alamance County; | ) | |
| TERRY JOHNSON, individually and | ) | |
| as Sheriff of Alamance County | ) | |
| WILLIAM K. BROWNLEE, individually | ) | |
| and as Counsel for Thetford Property | ) | |
| Management, Inc.; and TAMMY | ) | |
| EGGLESTON, individually and as | ) | |
| Property Manager of Beaumont | ) | |
| Avenue Apartments, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM ORDER AND JUDGMENT

TILLEY, District Judge

Plaintiff Richard A. Miller, Sr. brings several claims against the defendants following a summary ejectment proceeding in North Carolina state court. The

matter is currently before the Court on the following motions: Motion to Dismiss by William K. Brownlee, Thetford Properties III, Limited Partnership, Thetford Property Management, Inc., and Richard A. Urban (collectively the "Thetford defendants") [Doc. # 60] and a Motion to Dismiss or for Summary Judgment by Drucker & Falk, LLC [Doc. #57].

I.

The facts in the light most favorable to Mr. Miller are as follows: Mr. Miller was a tenant of the Beaumont Avenue Apartments ("Beaumont Avenue") in Burlington, North Carolina. In October 2003, Mr. Miller organized, and was elected President of, the Beaumont Avenue Tenants Association, Inc. Mr. Miller contends that as a result of his activities with the Tenants Association, Thetford Properties, through its agent Thetford Property Management, commenced a summary ejectment proceeding against him in the Alamance County District Court in March 2004.

Mr. Miller filed a Complaint in this Court on November 30, 2005, against numerous parties involved in the summary ejectment proceeding, alleging that he was wrongfully ejected from Beaumont Avenue. [Doc. #2]. Mr. Drucker and the Thetford defendants filed the instant motions to dismiss on November 8 and November 13, 2006, respectively. In a previous Order, the Court has granted similar motions by the other defendants. See Miller v. U.S. Dept. of Housing and Urban Dev., No. 1:05CV01045, 2006 WL 2504834 (M.D.N.C. Aug. 29, 2006).

After the instant motions were filed, Mr. Miller received the notice required by Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir.1975). [Doc. #63]. The Roseboro notice, which was dated November 14, 2006, informed Mr. Miller that his complaint could be dismissed if he did not file a response "within 20 days from the date of service of the defendants' motion." Mr. Miller has not filed a response either to Drucker & Falk's Motion to Dismiss or to the Thetford defendants' Motion to Dismiss. Under these circumstances, the defendants are entitled to dismissal. See generally Sears Roebuck & Co., No. 1:01CV00643, 2002 WL 31812916 (M.D.N.C. Dec. 12, 2002) (citing Rule 7.3(k) of the Local Rules of Practice for the Middle District of North Carolina and granting motion for summary judgment where plaintiff failed to file response to motion).

II.

Moreover, even if Mr. Miller had filed a response to the Defendants' Motions to Dismiss, a review of the allegations contained in the Complaint reveals that Mr. Miller would not be able to present any arguments sufficient to defeat these motions.

In this action, Mr. Miller challenges the summary ejectment proceeding Defendants initiated against him in state court. Congress has vested only the Supreme Court with jurisdiction to review state court decisions. 28 U.S.C. § 1257. As a corollary to this statute, the Supreme Court has developed the Rooker-Feldman doctrine, which deprives district courts of subject matter jurisdiction over

3

"cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). As the Fourth Circuit has explained, "Exxon requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself." Davani v. Va. Dept. of Transp., 434 F.3d 712, 718 (4th Cir. 2006).

Mr. Miller seeks review of the state court order ejecting him from Beaumont Avenue. Under the Rooker-Feldman doctrine, this Court does not have jurisdiction to consider Mr. Miller's claims. See Moore v. Idealease of Wilmington, 465 F.Supp. 2d 484, 490 (E.D.N.C. 2006) (applying the Rooker-Feldman doctrine where the plaintiff did "not allege an injury independent of the state-court action"); McRae v. Evans, slip copy, 2006 WL 3327639, at #3 (D.S.C. Nov. 15, 2006) (applying the Rooker-Feldman doctrine where the plaintiff was attempting to appeal a state court decision to the district court).

III.

For the reasons set forth above, William K. Brownlee, Thetford Properties, III, Limited Partnership, Thetford Property Management, Inc., and Richard A. Urban's Motion to Dismiss [Doc. # 60] is GRANTED and Drucker & Falk, LLC's Motion to Dismiss or for Summary Judgment [Doc. #57] are GRANTED. Having

4

dismissed all claims against all named defendants, this matter is DISMISSED.

This the day of May 8, 2007

                                                    /s/ N. Carlton Tilley, Jr.
                                                    United States District Judge